No objections to the Report and Recommendation (the "R&R") have been received, so I review it for clear error. Finding none, I adopt the R&R as the decision of the Court. Plaintiff's motion for judgment on the pleadings is granted in part and denied in part. The Commissioner's motion for judgment on the pleadings is also granted in part and denied in part. The case is remanded for further proceedings pursuant to sentence 4 of section 405(g) of the Social Security Act.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------

TERRENCE R.L.,

                          Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
------------------------------------------------------

REPORT & RE
7:20-cv-09705-

SO ORDERED.

*Cathy Seibel*

CATHY SEIBEL, U.S.D.J.

8/15/22

GARY R. JONES, United States Magistrate Judge:

In October of 2018, Plaintiff Terrence R.L.[1] applied for Supplemental Security Income Benefits and Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Alegria & Associates, PLLC, Anselmo A. Alegria, Esq., of counsel, commenced this action seeking judicial review of the denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

This case was referred to the undersigned for a report and recommendation on May 2, 2022. Presently pending are Motions for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 18, 21). For the following reasons, it is

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

recommended that Plaintiff's motion should be granted in part and denied in part, the Commissioner's motion should be granted in part and denied in part, and this matter should be remanded for further proceedings.

## I. BACKGROUND

### A.   *Administrative Proceedings*

Plaintiff applied for SSI benefits and disability insurance benefits on October 10, 2018, alleging disability beginning September 1, 2009. (T at 10, 162-67).[2]  Plaintiff's applications were denied.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on September 13, 2019, before ALJ Raymond Prybylski.  (T at 47).  Plaintiff appeared with his attorney and testified. (T at 54-76). The ALJ also received testimony from Roxanna Sullivan, a vocational expert. (T at 76-83).

### B.   *ALJ's Decision*

On October 4, 2019, the ALJ issued a decision denying Plaintiff's application for disability insurance benefits. (T at 7-28).  The ALJ found that Plaintiff met the insured status requirements under the Social Security Act through September 1, 2009 (the "date last insured") and did not engage in

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 17.

substantial gainful activity between September 1, 2009 (the alleged onset date) and the date last insured. (T at 12).

The ALJ concluded that, as of the date last insured, Plaintiff's right knee meniscus tear; right heel spur; right fibular tip fracture; hallux valgus; colitis; and obesity were severe impairments as defined under the Act. (T at 13). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1, as of the date last insured. (T at 16).

At step four of the sequential analysis the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: he could not kneel or crawl; he could tolerate few, if any, workplace changes; and he required ready access to a restroom. (T at 17).

The ALJ then concluded that Plaintiff could not perform his past relevant work as a deli clerk as of the date last insured. (T at 22). However, considering Plaintiff's age (48 on the date last insured), education (limited, but able to communicate in English), work experience, and RFC, the ALJ determined that there were jobs that existed in

3

significant numbers in the national economy that Plaintiff could have performed as of the date last insured. (T at 22). As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between September 1, 2009 (the alleged onset date) and September 30, 2014 (the date last insured). (T at 23).

On September 17, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision with respect to Plaintiff's application for disability insurance benefits. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action by filing a Complaint on November 18, 2020. (Docket No. 1). Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law, on August 23, 2021. (Docket No. 18, 19). The Commissioner filed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on November 28, 2021. (Docket No. 21, 22). The matter was assigned to the undersigned for a report and recommendation on May 2, 2022.

## II.  APPLICABLE LAW

*A.    Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.      *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of his challenge to the ALJ's decision.  First, he contends that the Commissioner improperly denied his claim for SSI benefits.  Second, Plaintiff asserts that the ALJ should have further developed the record.

*A.    Application for SSI Benefits*

Plaintiff applied for both supplemental security income ("SSI") benefits and disability insurance benefits ("DIB") on October 10, 2018. (T at 10, 162-67).  On October 17, 2018, the Social Security Administration sent Plaintiff a notice denying the application for SSI benefits because it found that Plaintiff had "too much income to be eligible for SSI." (T at 147). Plaintiff's application for DIB was considered on the merits and denied on the grounds that Plaintiff was not disabled within the meaning of the Social Security Act as of the date last insured. (T at 91- 106).  The Social Security Administration issued a notice informing Plaintiff of this decision on November 7, 2018. (T at 102-106).  Plaintiff requested a hearing before an ALJ on January 7, 2019. (T at 108-109).

On September 13, 2019, during the administrative hearing, the ALJ indicated that he did not believe Plaintiff's application for SSI benefits was properly before him. (T at 50-51).  The ALJ went off the record and researched the issue. (T at 50-51).  When he returned, he restated his belief that only the denial of Plaintiff's application for DIB was properly before him. (T at 51).  He advised Plaintiff and his counsel that they would need to further investigate the status of the hearing request with respect to the SSI application and, if necessary, request another hearing. (T at 51-52).

On October 4, 2019, the ALJ issued a decision addressing (and denying) only the claim for DIB. (T at 7-28).

The initial denial of Plaintiff's SSI application was an error, as Plaintiff did not, in fact, have earnings over the eligibility threshold for such benefits. (Docket No. 19, at p. 12).  Further, Plaintiff's counsel requested review of the denial of the SSI application by the Social Security Administration on multiple occasions, without response. (T at 50-51, 75-76, 142-61; Docket No. 19-1).

For the reasons that follow, the Court concludes it lacks subject matter jurisdiction to review the denial of Plaintiff's application for SSI benefits.  Judicial review of Social Security benefit determinations is limited to "final" decisions of the Commissioner, rendered after (a) the claimant has properly presented a claim for benefits and (b) all administrative procedures have been exhausted. *See* 42 U.S.C. §§ 405(g) and (h); *Califano v. Sanders,* 430 U.S. 99, 103 n. 3, 97 S.Ct. 980, 983 n. 3, 51 L.Ed.2d 192, 198 n. 3 (1977).

Here, there is no question that Plaintiff presented his claim for SSI benefits by applying to the Social Security Administration for such benefits. (T at 162-67).  The administrative exhaustion requirement, however, has not been met because the Commissioner never acted on Plaintiff's hearing

request as it related to his SSI application and never responded to his counsel's efforts to follow-up thereafter.

The requirement to exhaust administrative remedies can be waived in appropriate circumstances, either by the Commissioner or the Court. *See City of New York v. Heckler,* 742 F.2d 729, 736 (2nd Cir.1984). The Commissioner, however, has not waived the requirement in this case and the Court concludes that a judicial waiver would not be appropriate.

"A waiver of the exhaustion requirement may be inferred where the plaintiffs' legal claims are collateral to their demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable in the sense that no post hoc relief would be adequate." *Mathews v. Chater*, 891 F. Supp. 186, 188–89 (S.D.N.Y. 1995), *aff'd sub nom.*, *Matthews v. Chater*, 101 F.3d 681 (2d Cir. 1996).

Plaintiff's claim is based on his application for SSI benefits and is thus central, not collateral, to his request for benefits.

In addition, exhaustion would not be futile. Plaintiff's "claim has yet to be heard before an ALJ and the facts developed at a hearing may result in the plaintiff receiving the full amount of [his] claimed benefits." *Mathews*, 891 F. Supp. at 189 (citing *Smith v. Schweiker,* 709 F.2d 777, 780 (2nd

Cir.1983)). "In any event, the administrative agency should be afforded the opportunity to decide the claim finally in the first instance and to explain the reasons for its decision." *Id.; see also Colon v. Comm'r of Soc. Sec*., No. 19-CV-4319 (MKB), 2022 WL 1137107, at *6 (E.D.N.Y. Apr. 18, 2022)(collecting cases).

There has also been no showing that exhaustion of administrative remedies would cause irreparable harm. Delay in considering a claim for benefits is, without more, generally insufficient to establish irreparable harm.[3] *See Colon*, 2022 WL 1137107, at *6 (collecting cases).

Therefore, for these reasons the Court recommends that Plaintiff's challenge to the rejection of his SSI application be denied, without prejudice, based on lack of subject matter jurisdiction.

B.     *Development of the Record*

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if

---

[3] Nevertheless, this Court certainly would urge the Commissioner to take prompt action in responding to the hearing request, as well as the follow-up entreaties by Plaintiff's counsel, and proceed to an expedited review of Plaintiff's SSI application, which has been pending for nearly four (4) years.

the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)). The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

In the present case, the ALJ found that "the evidence predating [Plaintiff's] date last insured is minimal, but does show that [he] was dealing with some medical issues at that time." (T at 18).  Regarding Plaintiff's left shoulder osteoarthritis, the ALJ noted that "the evidence relating to this impairment generally postdates the relevant period …." (T at 14).

The ALJ recognized that the evidence generated after the date last insured, including, in particular, imaging studies from April of 2017, was indicative of significant issues, *i.e.,* "glenohumeral joint osteoarthritis, as well as advanced osteoarthritis of the left acromioclavicular joint …." (T at 14, 1781).  In February of 2019, Dr. David B. Weiss, Plaintiff's treating physician, opined that Plaintiff had reduced range of motion in his left shoulder and could never perform any left-sided overhead reaching. (T at 1407).  Plaintiff testified that his shoulder problems pre-dated the date last insured. (T at 61, 73).

The ALJ discussed this evidence but found that "it would be mere speculation to presume a similar level of disorder many years prior." (T at 14).  The ALJ nevertheless decided to "draw [ ] some inference from later imaging and [Plaintiff's] testimony regarding his motorcycle riding," and determined that Plaintiff's left shoulder impairment was "nonsevere during the relevant period, rather than non-medically-determinable." (T at 14).

The ALJ did not satisfy his duty to develop the record. Here's why.

First, the imaging study, which showed glenohumeral joint osteoarthritis with joint space narrowing and osteophyte formation, was performed on April 12, 2017 (T at 1761), approximately two and a half years (30 months) after the date last insured.  Although the phrase "many years" is subject to interpretation, the ALJ's language suggests a remoteness in time not reasonably supported by the record.

Second, as the ALJ recognized, osteoarthritis is a progressive impairment and there are indications in the record (including Plaintiff's testimony) that Plaintiff's shoulder issues pre-dated the date last insured.  It was thus incumbent upon the ALJ to ensure that he had a sufficient record on which to assess the nature and extent of the impairment during the relevant period.

In sum, the ALJ appreciated that the evidence from after the date last insured, along with Plaintiff's testimony, established an impairment prior to the date last insured, but then decided to "draw [ ] some inference" from the evidence to determine that the impairment was non-severe during that period. (T at 14).  In so doing, the ALJ, a layperson, improperly assumed "the mantle of a medical expert." *See Balotti v. Comm'r of Soc. Sec.*, No. 20-CV-8944 (RWL), 2022 WL 1963657, at *6 (S.D.N.Y. June 6, 2022)(quoting *Amarante v. Comm'r of Soc. Sec.*, No. 16-CV-0717, 2017 WL 4326014 at *10 (S.D.N.Y. Sept. 8, 2017); *see also generally Riccobono v. Saul*, 796 F. App'x 49, 50 (2d Cir. 2020) (holding that "the ALJ cannot arbitrarily substitute h[er] own judgment for competent medical opinion") (modifications in original).[4]

It is therefore recommended that this matter should be remanded for further development of the record, to include review of the evidence by a medical expert and/or a request to a treating provider for a retrospective assessment.

---

[4] Plaintiff also challenges the ALJ's consideration of the medical opinion evidence and RFC determination.  These challenges are derivative of his argument that the ALJ did not adequately develop the record.  On remand, the medical opinion evidence and RFC will need to be reevaluated after the record is properly developed.

*C.*      *Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

Given the ALJ's failure to adequately develop the record, as outlined above, it is recommended that this case should be remanded for further proceedings.

## IV.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 18) should be GRANTED, in part, and DENIED, in part; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 21) should be GRANTED, in part,

and DENIED, in part;[5] and this case should be remanded for further

proceedings under sentence four of section 405 (g) of the Social Security

Act.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of

Civil Procedure, the parties have fourteen (14) days (including weekends

and holidays) from service of this Report and Recommendation to file any

objections. *See also* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to

any objections within 14 days after being served. Any objections and

responses shall be filed with the Clerk of the Court. Any request for an

extension of time to file objections or responses must be directed to the

District Judge. If a party fails to file timely objections, that party will not be

permitted to raise any objections to this Report and Recommendation on

appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP*

---

[5] As discussed above, to the extent Plaintiff seeks judgment on the pleadings with respect to his application for SSI benefits, that portion of his motion should be denied, without prejudice, for lack of subject matter jurisdiction.

*v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d

84, 92 (2d Cir. 2010).


Dated: July 25, 2022                    *s/Gary R. Jones*
                                        GARY R. JONES
                                        United States Magistrate Judge